UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

RASMIA ZAHRIAH,

                                      Plaintiff,

       -against-

CITY OF NEW YORK, DETECTIVE EDWARD HENNESSY, and DETECTIVE DARRYL NG,

                                      Defendants.

------------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

15 Civ. 301 (LTS)

**JURY TRIAL DEMANDED**

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiff Rasmia Zahriah's ("Ms. Zahriah") rights under the Constitution of the United States.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Ms. Zahriah demands a trial by jury in this action.

## PARTIES

6. Ms. Zahriah is a resident of the County of Kings, State of New York.

7. Defendant City of New York is a municipal organization organized under the laws of the State of New York.

8. Defendant City of New York operates the New York City Police Department ("NYPD"), a department or agency of Defendant City of New York.

9. The NYPD is responsible for the appointment, training, supervision, promotion, and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant herein, Defendant Detective Edward Hennessy ("Hennessy") was an officer, employee, and agent of Defendant City of New York.

11. At all times relevant herein, Defendant Hennessy was acting within the scope of his employment with Defendant City of New York.

12. At all times relevant herein, Defendant Hennessy was acting under color of state law.

13. Defendant Hennessy is sued in his individual and official capacities.

14. At all times relevant herein, Defendant Detective Darryl Ng ("Ng") was an officer, employee, and agent of Defendant City of New York.

15. At all times relevant herein, Defendant Ng was acting within the scope of his employment with Defendant City of New York.

16. At all times relevant herein, Defendant Ng was acting under color of state law.

17. Defendant Ng is sued in his individual and official capacities.

## NOTICE OF CLAIM

18. On or about June 26, 2014, and prior to the end of the 90-day period for filing a notice of claim, Ms. Zahriah filed a Notice of Claim with Defendant City of New York.

19. Although Ms. Zahriah has demanded adjustment of the claim, Defendant City of New York has refused to adjust the claim.

20. It has been more than ninety days since the presentation of the claim.

## STATEMENT OF FACTS

21. On March 30, 2014, Ms. Zahriah and was lawfully present at 509 83rd Street, Brooklyn, NY 11209 ("Subject Location").

22. At the Subject Location, Ms. Zahriah was approached by Defendants Hennessy and Ng.

23. Defendants Hennessy and Ng told Ms. Zahriah that they were following up on a complaint made by a Yee Wong.

24. Defendants Hennessy and Ng told Ms. Zahriah that she had been harassing Yee Wong.

25. Ms. Zahriah told Defendants Hennessy and Ng that she had not been harassing Ms. Wong.

26. Ms. Zahriah further told Defendants Hennessy and Ng that she and Yee Wong had been dating the same person, Edward Friedman.

27. Ms. Zahriah told Defendants Hennessy and Ng that Yee Wong was angry that Ms. Zahriah was dating Edward Friedman.

28. Ms. Zahriah told Defendants Hennessy and Ng that any complaint made by Yee Wong was in retaliation against Ms. Zahriah and an attempt to prevent her from dating Edward Friedman.

29. Defendants Hennessy and Ng told Ms. Zahriah that they already knew about Edward Friedman and the love triangle.

30. The individual defendants' knowledge of this love triangle provided a sufficient basis to doubt Ms. Wong's veracity, and required that the individual defendants conduct a further investigation.

31. Furthermore, the individual defendants knew had sufficient reason to doubt Ms. Wong's veracity because the individual defendants secretly listened to a phone call between Ms. Wong and Ms. Zariah, during which time Ms. Zariah told Ms. Wong that she had only called her once, which contradicted the information provided by the scorned Ms. Yee that she had received numerous phone calls from Ms. Zariah.

32. Defendants Hennessy and Ng further told Ms. Zariah, in sum and substance, that they did not like having to come down to "falafel town" to arrest her.

33. Ms. Zahriah was searched by the individual defendants.

34. Ms. Zahriah was placed under arrest by Defendants Hennessy and Ng.

35. Ms. Zahriah's arrest was without probable cause.

36. Ms. Zahriah was transported to a police precinct.

37. The individual defendants spoke with the New York County District Attorneys' Office, individually and collectively lying to the New York County District Attorney's Office that Ms. Zahriah and had violated New York Penal Law §§ 240.30(1)(a) and 240.26(1).

38. The individual defendants lied to the New York County District Attorneys' Office, stating that Yee Wong identified Ms. Zahriah as the perpetrator because Ms. Zahriah had identified herself.

39. The individual defendants lied to the New York County District Attorneys' Office, stating that Ms. Zahriah admitted to committing the alleged crimes against Yee Wong.

40. Based on these fabricated allegations, the New York County District Attorney's Office forwarded to Defendant Hennessy a Criminal Court Complaint.

41. The Criminal Court Complaint was reviewed and then signed by Defendant Hennessy.

42. When reviewing and signing the Criminal Court Complaint, Defendant Hennessy knew the allegations contained therein to be false.

43. The executed Criminal Court Complaint was then forwarded by Defendant Hennessy to the New York County District Attorney's Office.

44. Legal process was issued against Ms. Zahriah and, and Ms. Zahriah and was subsequently arraigned.

45. Prior to Ms. Zahriah being transferred to New York County Central Booking for her arraignment, the individual defendants asked Ms. Zahriah if she belonged to a terrorist group.

46. On April 8, 2014, Yee Wong told the New York County District Attorney's Office that she never stated to the individual defendants that Ms. Zahriah identified herself as the person harassing her.

47. During the pendency of the criminal proceeding, the individual defendants forwarded false evidence to the New York County District Attorney's Office, *inter alia*, arrest reports, complaint reports, DD5 follow-up reports, and property vouchers.

48. Ms. Zahriah and suffered damage as a result of Defendants' actions. Ms. Zahriah and was deprived of liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to reputation.

## FIRST CAUSE OF ACTION
*42 U.S.C. § 1983*

49. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

50. Defendants, by their conduct toward Ms. Zahriah as alleged herein, violated Ms. Zahriah's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

51. As a direct and proximate result of this unlawful conduct, Ms. Zahriah sustained the damages alleged herein.

## SECOND CAUSE OF ACTION
*Unlawful Stop and Search*

52. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

53. The individual defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Ms. Zahriah without reasonable suspicion.

54. As a direct and proximate result of this unlawful conduct, Ms. Zahriah sustained the damages alleged herein.

### THIRD CAUSE OF ACTION
*State & Federal False Arrest*

55. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

56. The individual defendants violated the Fourth and Fourteenth Amendments because they arrested Ms. Zahriah without probable cause.

57. As a direct and proximate result of this unlawful conduct, Ms. Zahriah sustained the damages alleged herein.

### FOURTH CAUSE OF ACTION
*Assault and Battery*

58. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

59. In effecting Ms. Zahriah's arrest, the individual defendants assaulted and battered Ms. Zahriah.

60. As a result of the foregoing, Ms. Zahriah sustained the damages alleged herein.

### FIFTH CAUSE OF ACTION
*Denial of Substantive Due Process*

61. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

62. The individual defendants created false evidence against Ms. Zahriah.

63. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's Office.

64. In creating false evidence against Ms. Zahriah, and in forwarding false evidence to prosecutors, the individual defendants violated Ms. Zahriah's right to substantive due process under the Due Process Clause of the Fifth and Fourteenth Amendments of the Constitution of the United States.

65. As a direct and proximate result of this unlawful conduct, Ms. Zahriah sustained the damages alleged herein.

SIXTH CAUSE OF ACTION
*Malicious Abuse of Process*

66. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

67. The individual defendants issued and/or caused to be issued legal process to place Ms. Zahriah under arrest.

68. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

69. Specifically, said arrest was made because the individual defendants because of their hatred for people of Middle Eastern descent, including Ms. Zahriah.

70. The individual defendants pursued these collateral objectives after issuance of legal process by, *inter alia*, forwarding false evidence to the New York County District Attorney's Office and continuing to participate in the investigation and prosecution of Ms. Zahriah.

71. The individual defendants acted with intent to do harm to Ms. Zahriah without excuse or justification.

72. As a direct and proximate result of this unlawful conduct, Ms. Zahriah sustained the damages alleged herein.

### SEVENTH CAUSE OF ACTION
*State & Federal Malicious Prosecution*

73. Ms. Zahriah repeats and realleges each and every allegation as if fully set forth herein.

74. The individual defendants initiated the criminal proceedings against Ms. Zahriah by issuing and/or causing to be issued legal process against Ms. Zahriah.

75. The individual defendants lacked probable cause to commence the criminal proceedings against Ms. Zahriah.

76. The individual defendants' actions were motivated by actual malice.

77. The criminal proceedings were terminated in favor of Ms. Zahriah

78. As a direct and proximate result of this unlawful conduct, Ms. Zahriah sustained the damages alleged herein.

### EIGHTH CAUSE OF ACTION
*Failure to Intervene*

79. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

80. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene and prevent such conduct; and failed to intervene.

81. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States.

82. As a direct and proximate result of this unlawful conduct, Ms. Zahriah sustained the damages alleged herein.

## NINTH CAUSE OF ACTION
*Equal Protection Clause under 42 U.S.C. § 1983*

83. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

84. The Defendants' conduct was tantamount to discrimination against Ms. Zahriah based on her ethnicity.

85. Ms. Zahriah was selectively prosecuted based on her Middle Eastern ethnicity.

86. Upon information and belief, persons of other ethnicities in similar situations are not prosecuted. And, in fact, the individual defendants knew that further evidence needed to be procured prior to arresting and prosecuting Ms. Zahriah, something they would have done if Ms. Zahriah had not been of Middle Eastern descent.

87. This disparate treatment caused Plaintiff to suffer the foregoing injuries.

88. As a result of the foregoing, Ms. Zahriah was deprived of rights under the Equal Protection Clause of the Constitution of the United States, and are thereby entitled to damages.

## TENTH CAUSE OF ACTION
*Monell*

89. Ms. Zahriah repeats and re-alleges each and every allegation as if fully set forth herein.

90. This is not an isolated incident. Defendant City of New York, through its policies, customs, and practices, directly caused the constitutional violations suffered by Ms. Zahriah.

91. Upon information and belief, Defendant City of New York, through the NYPD, has had, and still has, hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the Constitution of the United States and is indifferent to the consequences.

92. Upon information and belief, Defendant City of New York, at all relevant times, was aware that the individual defendants routinely committed constitutional violations such as those at issue here and has failed to change its policies, practices, and customs to stop this behavior.

93. Upon information and belief, Defendant City of New York, at all relevant times, was aware that the individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

94. These policies, practices, and customs were the moving force behind Ms. Zahriah's injuries.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Zahriah respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 30, 2015

/s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
305 Broadway, 14th Floor

New York, NY  10007  
Phone & Fax: (646) 706-7481  
greg@moutonlawnyc.com  
*Attorney for Plaintiff*